IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JUAN STIMPSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV655 |
| | ) | |
| WALMART, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Juan Stimpson ("Plaintiff") brought this action pursuant to North Carolina common law, against Walmart Inc. ("Defendant Walmart") and Tristate Commercial Doors & Services, Inc., ("Defendant Tristate"). (ECF No. 3 ¶ 3-4.) Plaintiff alleges that during a visit to Defendant Walmart's store he experienced an injury caused by a malfunction of the automatic sliding doors at the entrance of the building. (ECF No. 3 ¶¶ 16-17.) Before the Court is Defendant Walmart's Motion for Partial Summary Judgment. (ECF No. 34.) Additionally, Plaintiff filed a Motion for Summary Judgment. (ECF No. 37.) For the reasons stated herein, Defendant Walmart's Motion for Partial Summary Judgment will be denied, and Plaintiff's Motion for Summary Judgment will likewise be denied.

**I. BACKGROUND**

On June 26, 2020, Plaintiff arrived at one of Defendant Walmart's stores in Randolph County, North Carolina. (ECF No. 38-2 ¶ 1.) Upon his arrival one of Walmart's employees began unlocking the automatic sliding doors to allow in patrons, as the store was opening for

the day.  (*Id.* ¶¶ 2-5.)  Plaintiff walked through the doors behind other individuals, and as he entered the doors closed on him.  (*Id.* ¶ 7.)  The closing doors hit Plaintiff on his right arm in the elbow area.  (*Id.*)  The Walmart employee then grabbed the door and pulled it back open.  (*Id.* ¶ 8.)  Immediately following the incident, Plaintiff began to feel severe pain and noticed swelling and bruising on his elbow.  (ECF No. 41-3 ¶ 2.)  A few days after the incident, Plaintiff went to the doctor and was placed in a cast for six weeks due to a fractured bone in his elbow.  (ECF No. 38-2 ¶ 10.)  He also underwent three surgeries on his elbow to address nerve damage.  (*Id.* ¶ 11.)

On August 8, 2023, Plaintiff filed the instant Complaint alleging three causes of action.  (ECF No. 3 ¶¶ 28-64.)  Two of Plaintiff's claims are against Defendant Walmart, negligence and premises liability, and the third cause of action, products liability, was against Defendant Tristate.  (*Id.*)  On May 5, 2024, the parties filed a stipulation of dismissal only as to Defendant Tristate, dismissing them from the action.  (ECF No. 23 at 1.)  Following discovery, Defendant Walmart filed a Motion for Partial Summary Judgment on the issue of causation relating to Plaintiff's negligence claim.  (ECF No. 34 at 1.)  Plaintiff filed a Motion for Summary Judgment on his claim of negligence and Defendant Walmart's affirmative defenses of contributory negligence and gross contributory negligence.  (ECF No. 37 at 1.)  The Court will address each motion in turn.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015)

(internal citations and quotations omitted). "[I]n deciding a motion for summary judgment, a district court is required to view the evidence in the light most favorable to the nonmovant" and to "draw all reasonable inferences in his favor." *Harris v. Pittman*, 927 F.3d 266, 272 (4th Cir. 2019) (citing *Jacobs*, 780 F.3d at 568). A court "cannot weigh the evidence or make credibility determinations," *Jacobs*, 780 F.3d at 569 (citations omitted), and thus must "usually" adopt "the [nonmovant's] version of the facts," even if it seems unlikely that the nonmoving party would prevail at trial. *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

Where the nonmovant will bear the burden of proof at trial, the party seeking summary judgment bears the initial burden of "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, then the burden shifts to the nonmoving party to point out "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In so doing, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Instead, the nonmoving party must support its assertions by "citing to particular parts of . . . the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1); *see also Celotex*, 477 U.S. at 324.

## III. PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendant Walmart filed a Motion for Partial Summary Judgment based on the sole issue of causation as to Plaintiff's claim of negligence. Defendant Walmart argues that Plaintiff

failed to establish a reasonable degree of medical certainty to prove that the incident with the automatic doors was a proximate cause of his injuries. (ECF No. 45 at 2.) Plaintiff counters that he has provided sufficient evidence to establish a genuine dispute as to causation through affidavits, a deposition, and his medical records. (ECF No. 41 at 6-9.)

To prove common law negligence, plaintiff bears the burden of demonstrating that: (1) the defendant owed a duty of care; (2) there was a breach of that duty; and (3) the breach of the duty was a proximate cause of the injury suffered by the plaintiff. *Andresen v. Progress Energy, Inc.*, 696 S.E.2d 159, 161 (N.C. Ct. App. 2010) (citations omitted). As Defendant Walmart proffers that it is entitled to summary judgment on the issue of causation, (ECF No. 35 at 2.), the Court will solely focus on the issue of proximate cause with respect to Walmart's motion.

Under North Carolina law, proximate cause is defined as (1) "a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred," and (2) "one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed." *Hawkins v. Emergency Med. Physicians of Craven Cnty., PLLC.*, 770 S.E.2d 159, 162-63 (N.C. Ct. App. 2015) (citations omitted).

Medical evidence is not required to prove causation in every negligence case alleging personal injury in North Carolina. *Taylor v. Shreeji Swami, Inc.*, 820 F. App'x 174, 176 (4th Cir. 2020) (quoting *Gillikin v. Burbage*, 139 S.E.2d 753, 760 (N.C. 1965)). However, medical expert testimony is necessary when the alleged injury manifests in a manner that is not obvious or otherwise apparent to persons without medical expertise." *Id.* (citations omitted). Whether expert testimony is required is determined on a case-by-case basis taking into consideration

"the type of injury, the alleged mechanism of the injury, the immediate appearance of symptoms, and whether the plaintiff was previously in good health and free from the kind of symptoms involved." *Id.*

When the facts in evidence are ones which a layperson would know what caused the injuries complained of, medical evidence isn't necessary. *Gillikin*, 139 S.E.2d at 760 (finding that no medical evidence was required to link plaintiff's soreness and the six-inch bruise on her right hip with the incident; however, testimony was required for her ruptured disk). "Where a lay person can do no more than speculate as to the cause of a physical condition, the medical opinion of an expert is required to show causation." *Anderson v. Hous. Auth. of City of Raleigh*, 609 S.E.2d 426, 429 (N.C. Ct. App. 2005).

Here, Plaintiff's bruising, soreness, and swelling immediately following the incident are not injuries that need expert testimony to prove causation, as these are injuries which a layperson can identify without medical expertise. *See Taylor*, 820 F. App'x at 176. However, as Plaintiff's injuries exceed mere bruising and swelling, the Court does not rule out that medical expert testimony may be necessary at some future stage of the proceedings. Nevertheless, Plaintiff argues that he has provided sufficient evidence to establish a genuine dispute on the issue of causation as he provided his own testimony, testimony of his treating physician, medical records, and a statement by the store manager. (ECF No. 41 at 6-9.) This Court agrees.

Plaintiff submitted a declaration of his treating physician, an orthopedic surgeon, which states that Plaintiff had a bone fracture in his elbow. (ECF No. 42-1 ¶ 4.) Two months after the discovery of the fracture, Plaintiff's injuries did not improve which led to three separate surgeries to fix an "entrapment of the right ulnar nerve and rupture of the right triceps

5

tendon." (ECF No. 42-1 ¶ 7.) Defendant Walmart states that Plaintiff has not established that his three surgical procedures were proximately caused by the incident in question. (ECF No. 35 at 4.) However, the declaration of his surgeon states "all treatment that I provided to Mr. Stimpson, including the three surgeries on his elbow were preformed after, because of, and as a result of the injury Mr. Stimpson sustained on or about June 26, 2020." (ECF No. 42-1 ¶ 8.) This statement coupled with the immediate obvious injury as a result of the June 26, 2020, incident is sufficient to create at a minimum, a genuine dispute on the issue of causation.

Defendant Walmart argues that the statements made by Plaintiff's treating physician are internally inconsistent, open to interpretation, and they force a layperson to speculate. (ECF No. 45 at 6.) This Court disagrees. While in his declaration the physician does state that some of Plaintiff's symptoms are consistent with nerve irritation in his neck, (ECF No. 45-1 ¶ 9.), this is not "wholly inconsistent" with Plaintiff's injury stemming from being hit by the doors as Defendant Walmart suggests. (ECF No. 45 at 7.) The statement made by the physician states that some of his "symptoms" align with nerve irritation, but it states directly above that statement that the three surgeries were preformed because of his injuries on the date in question. (ECF No. 42-1 ¶ 8-9.) This statement is very clear and invites no speculation that Plaintiff suffered some injury on June 26, 2020. The extent of that injury is an issue for the jury.

Plaintiff's evidence has established a genuine dispute as to whether the element of causation on his claim of negligence has been satisfied. Defendant Walmart's Motion for Partial Summary Judgment is denied.

6

**IV. MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed a Motion for Summary Judgment requesting that the Court find in favor of Plaintiff on his negligence claim and requesting that the Court dismiss Defendant Walmart's affirmative defenses of contributory negligence and gross contributory negligence. (ECF No. 38 at 1.) Plaintiff's motion addressed each of his requests outlining specific evidence from the record. In Defendant Walmart's Response in Opposition to Plaintiff's motion, Defendant merely addresses whether Plaintiff's motion was untimely. (ECF No. 40 at 1.)

**A. Defendant Walmart's Objection is Denied and It's Surreply Will Not Be Considered**

In it's Response, Defendant Walmart argues that Plaintiff's motion was filed a day later than the dispositive motion deadline of July 29, 2024. (ECF No. 40 at 1.) Plaintiff counters that the date Defendant Walmart references was the previous dispositive motion deadline, as a subsequent Order by the Court states the dispositive motion deadline as July 30, 2024; therefore, making his motion timely. (ECF No. 43 at 2.) With respect to the timeliness issue, this Court agrees with Plaintiff.

On July 18, 2024, this Court issued an Order stating that "dispositive motions are due on July 30, 2024." (ECF No. 33 at 4.) Plaintiff filed his Motion for Summary Judgment on the stated date. Although Defendant Walmart argues that the deadline is July 29th, which was the deadline outlined in the parties Rule 26 Report, the most recent Court Order sets the parties deadline for dispositive motions as July 30th. Plaintiff in filing his Summary Judgment Motion on July 30th, followed the latest directive of the Court. Even if the date by the Court was in fact a typographical error, this Court finds that such error was through no fault of either of the parties, and therefore the Court deems Plaintiff's Motion for Summary Judgment timely and will consider it.

Further, in Defendant Walmart's Response objecting to Plaintiff's motion as untimely, it failed to address any of the substantive arguments made by Plaintiff in his Motion for Summary Judgment. (*See* ECF No. 40 at 1-2.) Defendant Walmart, then subsequently filed a surreply without obtaining leave from this Court, in an effort to address Plaintiff's substantive arguments from the Summary Judgment Motion. (*See* ECF No. 44.)

This District's Rules of Practice and Procedure allow for parties to file a motion, a response, and a reply when dealing with summary judgment motions. *See* LR 56.1. The Local Rules do not give parties the right to file a surreply, a party must request leave to file one. *See Johnson v. Rinaldi*, No. 1:99CV170, 2001 WL 293654, at *1 (M.D.N.C. Feb. 16, 2001). Defendant Walmart failed to comply with the Courts local rules in filing its' surreply as it failed to request leave to file one before filing.

Even when requested, surreplies are not allowed unless "fairness dictates based on new arguments raised in the previous reply." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. Aug. 23, 2010). Defendant Walmart fails to provide any justification for filing of such surreply. The surreply does not allege that any new arguments were raised by Plaintiff's Reply. *See United States v. Falice*, No. 1:04CV878, 2006 WL 2488391, at *7 (M.D.N.C. Aug. 25, 2006) (denying surreply when defendant failed to move for leave of the Court to file surreply, and no new arguments were raised in the reply). In fact, Defendant Walmart does not set forth any legitimate reason that this Court should consider it's surreply.

In addition, Plaintiff, anticipating that Defendant Walmart would file a surreply, objected to such filing in his Reply. (*See* ECF No. 43.) Plaintiff argues that Defendant Walmart "should not be allowed to file a second response simply because it chose not to make any substantive arguments the first time." (ECF No. 43 at 3.) This Court agrees. Defendant

8

Walmart had an opportunity in its Response in Opposition to respond to Plaintiff's arguments. Walmart's strategic choice to solely utilize their Response in Opposition to raise a timeliness objection, expecting to have an opportunity to later respond to Plaintiff's Motion for Summary Judgment, is not supported by the Local Rules or Fourth Circuit case law. Further, in this Court view, allowing the surreply would give Walmart unfair advantage. *See Pouncey v. Guilford Cnty.*, No. 1:18CV1022, 2020 WL 1274264, at *5 (M.D.N.C. Mar. 17, 2020) (finding that reply briefs do not exist to "give the replying party an unfair advantage in having a chance to make new arguments that should have been raised initially"). Accordingly, the Court declines to consider Defendant Walmart's surreply.

Although the Court will not consider Defendant Walmart's surreply, a failure to respond by Walmart alone does not fulfill the burdens imposed on Plaintiff, the moving party, under Rule 56. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). As stated in Rule 56, a moving party must establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." *Id.*; Fed.R.Civ.P. 56(c). Thus, the Court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer*, 12 F.3d at 416.

Therefore, Defendant Walmart's surreply will not be considered, and the Court is left to determine whether Plaintiff has sufficiently established that he is entitled to judgment as a matter of law.

### B. Plaintiff Has Not Established That He is Entitled to Judgment as a Matter of Law with Respect to His Negligence Claim

As stated above, in North Carolina, common law negligence is proven by plaintiff demonstrating that: (1) the defendant owed a duty of care; (2) there was a breach of that duty;

9

and (3) the breach of the duty was a proximate cause of the injury suffered by the plaintiff. *Andresen*, 696 S.E.2d at 161 (citations omitted).

Here, the evidence establishes that Defendant Walmart owed Plaintiff a duty of care. "[A]n individual who enters the premises of a store as a customer during business hours holds the status of a business invitee for purposes of establishing the duty owed to the individual by the owner of the premises." *Foster v. Winston-Salem Joint Venture*, 281 S.E.2d 36, 38 (N.C. 1981). The evidence supports and Plaintiff states that he was a business invitee of Walmart. (ECF No. 38 at 10.)

Owners owe business invitee's a duty to keep their entrances in a reasonably safe condition. *Lamm v. Bissette Realty, Inc.*, 395 S.E.2d 112, 116 (N.C. 1990). An owner also has a duty to warn invitees of hidden dangers about which the owner knew or should have known. *Id.* at 115 (internal citations omitted). As Plaintiff was a business invitee on the day of the incident, Plaintiff has established that Defendant Walmart owed him a duty as a matter of law.

On the issue of breach, Plaintiff argues that Defendant Walmart breached its duty owed to the Plaintiff when the Walmart associate "(1) powered on the automatic doors in the 'closed switch position' causing the doors to close on patrons…and (2) instructed Plaintiff and others to walk through the doors." (ECF No. 38 at 10.) Plaintiff's support for the proposition that the automatic doors were in the 'closed switch position" is Defendant Walmart's expert Jay Benjamin. (*Id.*) However, Mr. Benjamin is clear in his testimony that he is unable to determine which setting the door was placed in by the Walmart associate. Mr. Benjamin states "I can't tell what operation the door was in because I can't see the switches exactly." (ECF No 38-1 at 28:9-11.) He later again states, "I don't know what potions they were in. I can't speak for that." (ECF No. 38-1 at 49:18-19.)

10

Plaintiff solely cites to Mr. Benjamin's testimony to support his proposition that the door was in a closed switch position, yet no where in Mr. Benjamin's testimony is he able to definitively state what position the doors were in. Plaintiff has not sufficiently established what position the doors were in on the day of the incident.

Further, to hold Defendant Walmart liable on a premises liability theory, Plaintiff must show that "defendant either negligently created the condition causing the injury or negligently failed to correct the condition after actual or constructive notice of its presence." *Carter v. Food Lion, Inc.*, 488 S.E.2d 617, 620 (N.C. Ct. App. 1997) (citations omitted). While Plaintiff's Complaint outlines a claim of premises liability, his motion does not explicitly address these factors. (*See* ECF No. 3 at 6; *see also* ECF No. 38 at 9-16.) Therefore, Plaintiff has not sufficiently established that he is entitled to judgment as a matter of law on the element of breach and the theory of premises liability.

As to causation, the Court has addressed the issue of causation above in Defendant Walmart's Motion for Partial Summary Judgment and found that a genuine issue exists on the negligence claim, specifically related to causation. Accordingly, Plaintiff's negligence claim cannot be determined as a matter of law, and it is a question for the jury.

### C. Plaintiff Fails to Establish That He is Entitled to Judgment as a Matter of Law with Respect to Defendant Walmart's Affirmative Defenses

Plaintiff also requested summary judgment as to Defendant Walmart's affirmative defenses of contributory negligence and gross contributory negligence. (ECF No. 38 at 1). Plaintiff argues that Defendant "presents no evidence" to support its affirmative defenses. (*Id.* at 2.)

Under contributory negligence, a plaintiff cannot recover for injuries resulting from a defendant's negligence if the plaintiff's own negligence contributed to his injury. *Draughon v.*

11

*Evening Star Holiness Church of Dunn*, 843 S.E.2d 72, 76 (N.C. 2020). Plaintiff's negligence can contribute to his injury if his conduct "ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety." *Smith v. Fiber Controls Corp.*, 268 S.E.2d 504, 507 (N.C. 1980). For contributory negligence, Plaintiff's actual behavior is compared to that of a reasonable person under similar circumstances. *Draughon*, 843 S.E.2d at 77; *see also Holland v. Malpass*, 147 S.E.2d 234, 237 (N.C. 1966) (stating that an invitee must also use reasonable care when visiting the establishment whose invitation they accept).

Plaintiff argues that Defendant Walmart's expert witness, Mr. Benjamin, testified that "he saw nothing to indicate that Plaintiff did anything to cause the accident or his injuries." (ECF No. 38 at 13). However, Mr. Benjamin's testimony does not support Plaintiff's conclusion. Mr. Benjamin was asked "did you see anything there that would make you believe that [Plaintiff] did anything to cause the door to close on him," to which he responded, "I didn't." (ECF No 38-1 at 50:16-23.) The question asked to Mr. Benjamin was specific to Plaintiff's role in the door closing on him, not Plaintiff's overall actions on the day of the incident and whether Plaintiff acted reasonably. The evidence before the Court is not sufficient for this Court to rule as a matter of law that Plaintiff was acting as a reasonable person under the circumstances. (*See* ECF No. 38 at 13-15.)

Additionally, "[t]he existence of contributory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Cone v. Watson*, 736 S.E.2d 210, 213 (N.C. Ct. App. 2012) (internal citations omitted).

12

Accordingly, there is not sufficient evidence before the Court to dismiss Defendant Walmart's affirmative defenses of contributory negligence and gross contributory negligence.

## V. CONCLUSION

Accordingly, this Court finds that there are genuine disputes on the issue of causation pertaining to Plaintiff's claim of negligence. Therefore, Plaintiff has not established that he is entitled to summary judgment as a matter of law on his negligence claim. In addition, Plaintiff has not sufficiently established that he is entitled to summary judgment as a matter of law on Defendant's affirmative defenses, which are contributory negligence and gross contributory negligence. Therefore, Defendant Walmart's Motion for Partial Summary Judgment, and Plaintiff's Motion for Summary Judgment are each denied.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant Walmart's Partial Motion for Summary Judgment, (ECF No. 34), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 37), is **DENIED**.

This, the 3rd day of January, 2025.

    /s/ Loretta C. Biggs
United States District Judge